UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PATRICIA B. GLYNN**,

       Plaintiff,   Case No. 14-11263
                                                Hon. Gerald E. Rosen

v.

**EDMOUND GLYNN**, et. al.,

       Defendants.
_____/

### ORDER AND JUDGMENT OF DISMISSAL
### UNDER 28 U.S.C. § 1915(e)(2)(B) AND
### ENJOINING FUTURE FILINGS ABSENT LEAVE OF COURT

In her *pro se* Complaint in this case, Plaintiff Patricia Glynn evidently complains about an alleged kidnapping and mistreatment of individuals -- perhaps children -- with the last name of Williams and Brooks.  Accompanying her Complaint is an application to proceed *in forma pauperis*, which this Court has granted.  Having reviewed the allegations of Plaintiff's now-filed Complaint, the Court finds that this suit must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Upon permitting a plaintiff to proceed *in forma pauperis*, the Court nevertheless is directed under § 1915(e)(2)(B) to "dismiss the case at any time if the court determines," *inter alia*, that the case is "frivolous" or that the complaint "fails to state a claim on which relief may be granted."  Although Plaintiff's handwritten Complaint is mostly incomprehensible, Plaintiff apparently alleges

that Defendant Edmound Glynn and others "kidnapped" individuals (perhaps children?), "beat[] them," and did "ungodly things with needles" and "snakes" to them until they "ha[d] sex with him." (Plf's Compl., Dkt. # 1, at 1-2). These allegations, if true, surely warrant notifying law enforcement agencies. Nothing in these allegations, however, appear to support a civil cause of action arising under federal law, nor is there any basis for concluding that the parties are of diverse citizenship. Under these circumstances, the Court concludes that this suit is frivolous, that Plaintiff's Complaint fails to state a claim on which relief may be granted, and that subject matter jurisdiction is lacking. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (noting that a court may dismiss a claim if the facts are "clearly baseless," "fantastic," and "delusional"); *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005) ("The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Finally, the Court notes that Plaintiff's allegations regarding the mistreatment of others (including "Terrance Brooks" and those with the last name of Williams) by Edmound Glynn[1] and the other Defendants are similar to ones

---

[1] Other filings reflect variations of Mr. Glynn's name, including "Elmound" and "Glenn."

2

Plaintiff has raised before in other matters here in the Eastern District, each of which were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Brooks v. Glynn*, 13-cv-14420, Dkt. # 4 (E.D. Mich. Oct. 29, 2013) (Roberts, J.); *Brooks v. Kemp*, 13-cv-14046, Dkt. #4 (E.D. Mich. Sept. 27, 2013) (Cox, J.); *Brooks v. Glynn*, 13-cv-13311, Dkt. # 5 (E.D. Mich. Aug. 22, 2013) (Goldsmith, J.); *Brooks v. Hordlem*, 13-cv-13312, Dkt. # 4 (E.D. Mich. Aug. 6, 2013) (Steeh, J.); *Brooks v. Glynn,* 13-cv-11359, Dkt. # 4 (E.D. Mich. April 10, 2013) (Berg, J.); *Brooks v. Kemp*, 13-cv-11358, Dkt. #4 (E.D. Mich. April 9, 2013) (Battani, J.); *Brooks v. Danglo*, 13-cv-11357, Dkt. # 4 (E.D. Mich. March 28, 2013) (Duggan, J.); *Brooks-Glynn v. Glenn*, 11-cv-13217, Dkt. # 9 (E.D. Mich. Nov. 2, 2011) (Cox, J.); *Brooks-Glenn v. Lipskin,* 11-cv-13229, Dkt. # 4 (E.D. Mich. Aug. 16, 2011) (Rosen, C.J.); *Brooks v Bobam*, 10-cv-10872, Dkt. # 3 (E.D. Mich. July 30, 2010) (Hood, J.).

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim.

As indicated above, this is Plaintiff's eleventh *ifp* action in which she has raised the same concerns regarding the mistreatment of others (including "Terrance Brooks" and those with the last name of Williams) by Edmound Glynn and the

other Defendants. It is also the eleventh such complaint to be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's repetitive filing of frivolous lawsuits has wasted a substantial amount of the Court's time and resources. Therefore, the Court finds that an imposition of a bar on Plaintiff's ability to file further lawsuits *ifp* is necessary. Accordingly,

IT IS FURTHER ORDERED that Plaintiff is ENJOINED from filing any future complaints *in forma pauperis* in this district arising out of, or related to, the mistreatment of others (including "Terrance Brooks" and those with the last name of Williams) by Edmound Glynn[2] and the other Defendants unless Plaintiff receives prior authorization from this court.

IT IS FURTHER ORDERED that any complaint that Plaintiff seeks to file must be accompanied by an application for permission to file the pleading demonstrating (1) that Plaintiff's allegations are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law and that the factual allegations have, or are likely to have, evidentiary support, and (2) that Plaintiff has not filed the pleading for any improper purpose, including the harassment of any party, the causing of unnecessary delay in this or any other action, or the needless increase in the cost of litigation.

---

[2] This includes the alternate spellings referenced in footnote 1.

Plaintiff is specifically cautioned that any attempt to file without first securing the required leave of the Court, or any request for leave that is frivolous or appears to have been submitted for an improper purpose, may result in the imposition of sanctions or the initiation of contempt proceedings.

**IT IS SO ORDERED.**

Dated:  April 23, 2014            s/Gerald E. Rosen
                                  Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2014, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5135